UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MANSE SULLIVAN,

       Plaintiff,

vs.

J. SHEIN, et al.,

       Defendants

Case No. 1:12 cv 00306 GSA

ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

I. **Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the individual has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on May 1, 2012 (ECF No. 7).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, a civil detainee in the custody of the California Department of Mental Health (CDMH) at Coalinga State Hospital (CSH), brings this civil rights action against officials employed by the CDMH at CSH. Plaintiff names the following individual defendants: J. Shein, Ph.D.; R. Withrow, M.D.; J. Sandhu; S. Mayberg; C. Allenby. Plaintiff claims he is being illegally confined at CSH because of improper evaluation procedures.

Plaintiff was admitted to CSH from Atascadero State Hospital in 2006. Plaintiff was admitted to Atascadero State Hospital in 1999. Plaintiff alleges that on November 16, 2006, he was found to be an SVP pursuant to § 6604 in the Santa Clara County Superior Court. Plaintiff alleges that he has been committed in three consecutive occasions, despite the fact that he has no visual signs or symptoms of a diagnosed mental disorder.

Plaintiff alleges that the staff that has evaluated him as a SVP did so "with the full knowledge that Plaintiff does not, and never did, meet the criteria as a sexually violent predator." Plaintiff contends that because rape is not a mental disorder as defined by Diagnostic and Statistical Manual of Mental Disorders (DSM), he should not be committed, as he does not have a diagnosed mental disorder.

2

Plaintiff also alleges that he is being denied due process. Specifically, Plaintiff alleges that "they refuse to evaluate him in accordance to the proper components contained within the concepts of the DSM." Plaintiff alleges that he is evaluated annually based upon a "set methodology" in which evaluators form their opinion of an individual's indeterminate commitment. Plaintiff alleges that, instead of the methodology employed, "accurate identification of Plaintiff's mental condition would seem to require the eventual validation of a universal concept specifying a set of categories into which Plaintiff would be classified."

It appears that Plaintiff is challenging the factual basis of his evaluation as a SVP. Plaintiff alleges that Defendants have "deliberately and intentionally misapplied the factual evidence of his diagnosis, which is coercive paraphilia rape disorder. A condition not listed within the DSM as an official diagnosis to justify his indeterminate commitment, or, to even classify him as a SVP pursuant to WIC 6600(c), a (danger to ) himself and the community at large."

Plaintiff summarizes his complaint at follows:

> In sum, Plaintiff insists that during the entire time of his incarceration at CSH, as described in paragraphs 14 through 29, he did participate in different treatment programs which addressed the nature of his sexual offending. Moreover, Plaintiff <u>did not</u> deliberately disobey any of the Superior Court's <u>treatment demands</u>, nor do anything to warrant the harsh and brutish indeterminate commitment that has been imposed on him. Heretofore, Plaintiff alleges that Defendants denied him procedural due process and substantive due process, which is the "<u>reasonable test</u>" before applying the "<u>unreasonable</u> and <u>excessive</u>" measures of personal opinion, Plaintiff is still a <u>dangerous sex offender</u>, who deserves a life-time commitment in a mental institution.

(Compl. ¶ 30.)

**A.     Civil Commitment**

3

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). "[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997). Statutes providing for involuntary civil commitment have been "consistently upheld . . . provided the confinement takes place pursuant to proper procedures and evidentiary standards." Id. (holding that Kansas Sexually Violent Predator Act comports with due process requirements).

The Court finds that the post-commitment procedures set forth in the SVPA do not violate the Due Process Clause of the Fourteenth Amendment. Although Plaintiff does not specifically allege any particular deficiency on the part of evaluators used by CDMH, he does base his claim on the presumption that he is being held illegally.

In civil commitment hearings, the factors relevant in determining whether an individual has been afforded sufficient procedural protections under the due process clause are whether the individual received: 1) written notice; 2) a hearing at which the evidence being relief upon for the commitment is disclosed to the detainee; 3) an opportunity at the hearing for the detainee to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the state; 4) an independent decision maker; 5) reasoned findings of fact; 6) legal counsel; and 7) effective and timely notice of these rights. Vitek v. Jones, 445 U.S. 480, 494-97 (1980); Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir. 2005). Plaintiff has not alleged that he was deprived of any of these procedural protections.

Any deficiencies that are alleged on the part of the evaluators do not rise to the level of a due process violation. The evaluators are not the ultimate decision makers who decide whether Plaintiff should continue to be detained. Under the SVPA's scheme, a superior court judge is the ultimate decision maker. The SVPA scheme permits Plaintiff to file a petition in state court for conditional or unconditional release without the recommendation the evaluators or CDMH. Thus, even if Plaintiff's allegations are proven true and the evaluators hired by CDMH based

their evaluation upon insufficient methods, the alleged impropriety is of little consequence because Plaintiff can file a petition for release directly to the court and would be entitled to the assistance of an attorney and will have the opportunity to present evidence before a state judge in support of his contention that he is no longer a sexually violent predator within the definition of the SVPA.  Presumably, within the petition itself and at any subsequent hearing, Plaintiff will have the opportunity to present evidence in support of his contention that the evaluators' opinions are not worthy of consideration because of their biases.  In other words, the SVPA scheme provides for sufficient procedural mechanisms for Plaintiff to challenge the evaluators' conclusions and provides Plaintiff with the opportunity to prove by a preponderance of evidence in a hearing before a state court judge that he no longer qualifies for civil detainment.  The Court finds that the procedural protections provided by California's SVPA do not violate due process. Robinson v. Mayberg, No. 09cv346-IEG(POR), 2010 WL 2196564, *7 (S.D. Cal. May 27, 2010)("the procedures for judicial review, set forth in Cal. Welf. & Inst. Code §§ 6605 and 6608, are sufficient to insure that Petitioner's confinement will not continue beyond the point when he no longer suffers from a mental disorder or is no longer dangerous").

     Given the SVPA's scheme for obtaining release from civil confinement, Plaintiff has failed to provide a clear explanation of how he suffered any injury.  Even if the Court were to assume that the evaluators consistently concluded that Plaintiff was unfit for conditional or unconditional release, that does not foreclose Plaintiff's chance for release.  Plaintiff could have utilized the procedures outlined under Section 6608 to challenge the evaluators' conclusions.  If Plaintiff believed that the evidence used by the evaluators was unreliable, that the evaluators were biased, or that the actuarial assessment methodologies used were unreliable, Section 6608 provides ample opportunity for Plaintiff to file a petition in state court and present evidence in support of his contentions.  The procedural protections offered by 6608 are constitutionally sufficient to protect Plaintiff's liberty interests.  Plaintiff's factual allegations fail to support a cognizable claim under the Due Process Clause.  Because Plaintiff cannot cure this deficiency, the Court dismisses this action without leave to amend.    See Lopez v. Smith, 203 F.3d 1122,

1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Accordingly, IT IS ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 11, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE